JUDGE SWAIN



13 CIV 5672

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BARCLAYS BANK PLC,

                                    Plaintiff,

                    -against-

                                                    COMPLAINT

STANDARD CHARTERED
INTERNATIONAL (USA) LTD.,

                                    Defendant.

Plaintiff Barclays Bank Plc ("Barclays") by its attorneys, Boies, Schiller &

Flexner LLP, as and for its Complaint, alleges:

## INTRODUCTION

1.      This is an action seeking the return of a payment made by Barclays in 1990, on

behalf of its client, through American Express Bank Ltd. ("AMEX Bank"), which was

subsequently blocked by AMEX Bank in compliance with the U.S. Department of the Treasury's

Office of Foreign Assets Control's ("OFAC") regulations in place at the time (the "Blocked

Payment").  The Blocked Payment currently is held by, and is unjustly enriching, Defendant

Standard Chartered International (USA) Ltd. ("SC") as successor in interest and name to AMEX

Bank.

2.      The payment was duplicated by Barclays shortly thereafter and routed via

different banking channels to the satisfaction of its client.  Barclays now respectfully requests

that this Court 1) issue a declaration, pursuant to 28 U.S.C. § 2201, that Barclays holds exclusive

1

and lawful title to the Blocked Payment and 2) order SC to return the Blocked Payment to Barclays.

## THE PARTIES

3.      Plaintiff Barclays is an international bank incorporated in England and Wales, with its registered office in London, England.

4.      Defendant SC is a successor in interest and name to AMEX Bank, and is a corporation organized under the laws of the State of Connecticut, with a principal place of business in New York, New York.

## JURISDICTION

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest or costs, and Plaintiff is a citizen or subject of a foreign state and Defendant is a citizen of a State.

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a), (c) and (d).

## GENERAL ALLEGATIONS

7.      On June 16, 1989, a Libyan state-owned oil tanker called the M/V Al Wahda wrecked off the coast of Portugal.  Though the vessel later refloated on May 9, 1990, it was towed to Lisbon and subsequently broken up.  As a result of the accident, the vessel's owner, the Department of the General Secretariat of Marine Wealth for Libya (the "Insured"), filed a claim through an insurance broker, John Plumer & Partners Ltd. later renamed Arthur J. Gallagher Ltd. (the "Insurance Broker").

8.      On August 10, 1990, Barclays received an instruction from its client, the Insurance Broker, to pay $4,885,000.00 to the Libyan Arab Foreign Bank ("LAFB") in favor of

2

the Insured. LAFB was not one of Barclays' correspondent banks.

     9.     Barclays intended to make the payment via LAFB's dollar bankers, the Central Bank of Libya ("CBL"), for onward transmission to LAFB and therefore caused $4,885,000.00 to be transferred to Barclays' correspondent bank in New York. [Exhibit A attached hereto and incorporated herein, is the instruction for the first payment].

     10.     However, the payment was routed via and blocked by AMEX Bank in New York, in compliance with OFAC regulations in place at the time, which required the blocking of payments to Libyan governmental entities. [Exhibit B attached hereto and incorporated herein, is a diagram outlining the routing of the Blocked Payment].

     11.     The Insurance Broker complained to Barclays that the payment had not been received by the Insured and that by routing the payment in the way it had done, Barclays was in breach of its mandate. In order to satisfy its client, Barclays caused a second, duplicative payment to be made to the Insured that was not routed via AMEX Bank and was not subsequently blocked.

     12.     When Barclays originally sought to recall the funds held by AMEX Bank, it was informed that payments out of CBL's account with SC were blocked by OFAC regulations. Therefore, at the time Barclays could not seek return of the first payment while sanctions against Libya were in place.

     13.     In the wake of the 2011 revolution in Libya, the OFAC regulations blocking payments out of CBL's accounts were lifted. However, Defendant SC, although holding no interest in the Blocked Payment, has refused Barclays' repeated requests to return the Blocked Payment to Barclays absent CBL's consent.

     14.     Barclays has attempted to make contact with the appropriate individuals within

the CBL, in order to obtain such consent.  These attempts have in each instance proved unsuccessful.

15.     Barclays has also attempted to locate documentary evidence of the second payment having been made and received, in order to demonstrate that the beneficiary received the funds, and as such cannot now rightly assert a claim to the Blocked Payment. Barclays has been able to identify in its own records the debit position in a suspense account showing that in an identical second payment Barclays' own funds were advanced in favor of the Insured.  [Exhibit C attached hereto and incorporated herein, is a statement reflecting that the second payment was debited from a Barclays' account].

16.     Additionally, Barclays has been able to procure two pieces of evidence that the second payment was received, comprising:

- Recent correspondence between in-house counsel for Barclays and the Insurance Broker, which indicates that the claim related to the Al Wahda wreck has been closed, which is the policy when a claim is satisfied. Moreover, the Insurance Broker has indicated no demand for payment was subsequently made, which was the standard practice for a claim left unsatisfied.  [Exhibit D attached hereto and incorporated herein, is recent correspondence between in-house counsel for Barclays and the Insurance Broker].

- A swift message from LAFB confirming that it does not have an open enquiry from the Insured indicating that the sum of $4,885,000 is outstanding from the Insurance Broker.  [Exhibit E attached hereto and incorporated herein, indicates LAFB has no outstanding claim for the Blocked

4

Payment from the Insured].

17.     This evidence demonstrates that no party other than Barclays may rightly make claim to title in the Blocked Payment and that the money held by Defendant SC should be returned to Barclays.

## CLAIM I
### (Unjust Enrichment)

18.     Plaintiff repeats and realleges the allegations as set forth in paragraphs "1" through "17".

19.     Plaintiff caused to be made in 1990 a payment that was subsequently blocked due to OFAC regulations in existence at the time and held by Defendant SC to its benefit thereafter.

20.     Plaintiff subsequently caused to be made a second, duplicate payment in the identical amount, which was successfully transferred in order to satisfy its client.

21.     Since the Libyan revolution, the United States has removed the OFAC regulations against the Libyan government that caused the Blocked Payment to be held.

22.     Defendant SC has no claim to the Blocked Payment, has been unjustly enriched by the Blocked Payment at the expense of Barclays, and in equity and in good conscience must return the monies held with interest to Barclays.

23.     Barclays has requested return of the Blocked Payment and has been damaged and continues to be damaged by Defendant SC's refusal to return the Blocked Payment.

## CLAIM II
### (Conversion)

24.     Plaintiff repeats and realleges the allegations as set forth in paragraphs "1" through "23".

25.     Plaintiff caused to be made in 1990 a payment that was subsequently blocked due to OFAC regulations in existence at the time and held by Defendant SC to its benefit thereafter.

26.     Plaintiff subsequently caused to be made a second, duplicate payment in the identical amount, which was successfully transferred in order to satisfy its client.

27.     Since the Libyan revolution, the United States has removed the OFAC regulations against the Libyan government that caused the Blocked Payment to be held.

28.     Barclays holds lawful title to and is entitled to possession of the Blocked Payment, and Defendant SC has acted without authorization in keeping the Blocked Payment in its possession.

29.     Defendant SC has exercised dominion and/or rights of ownership over the Blocked Funds to the exclusion of Barclays' rights, and has thereby converted the Blocked Payment.

30.     Barclays has requested return of the Blocked Payment and has been damaged and continues to be damaged by Defendant SC's refusal to return the Blocked Payment.

## CLAIM III
### (Money Had and Received)

31.     Plaintiff repeats and realleges the allegations as set forth in paragraphs "1"

through "30".

32.     Plaintiff caused to be made in 1990 a payment that was subsequently blocked due to OFAC regulations in existence at the time and held by Defendant SC to its benefit thereafter.

33.     Plaintiff subsequently caused to be made a second, duplicate payment for the same amount which was successfully transferred in order to satisfy its client.

34.     Since the Libyan revolution, the United States has removed the OFAC regulations against the Libyan government that caused the Blocked Payment to be held.

35.     Defendant is in receipt of the Blocked Payment, to which Barclays holds lawful title and is entitled to possess.

36.     Defendant SC has no claim to the Blocked Payment and in equity and good conscience must return the monies held with interest to Barclays.

37.     Barclays has requested return of the Blocked Payment and has been damaged and continues to be damaged by Defendant SC's refusal to return the Blocked Payment.


### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter a declaratory judgment that Barclays holds exclusive and lawful title to the Blocked Payment and further enter judgment in its favor and against the Defendant, as follows:

1.      That Defendant SC be ordered to cause the return to Barclays the full amount of the Blocked Payment by transferring to Barclays $4,885,000.00 plus interest at the maximum rate permitted by law;

2.      That Defendant SC be restrained by injunction from commencing or

prosecuting any action or proceeding against Barclays in relation to the return of the Blocked Payment;

      3.      That Barclays be awarded its costs and attorneys' fees incurred in prosecuting this action; and

      4.      That Barclays have such other and further relief as the Court may deem just, proper and equitable.

August 13, 2013                Respectfully submitted,

                          BOIES, SCHILLER & FLEXNER LLP

                          Jonathan D. Schiller
                          Joshua I. Schiller
                          575 Lexington Avenue
                          New York, NY 10022
                          Telephone: (212) 446-2300
                          Facsimile: (212) 446-2350

                          *Attorneys for Barclays Bank Plc*

# EXHIBIT A

%%%% OUTGOING TELEX %%%%
ZWLDTX WILD TELEX

892181 DIAL G
894031 BARING G

18800   10-Aug-90   16:58



120283

PLEASE CLD U SND THE FOLLOWING TLX FOR US TO LIBYA ON THESE NUMBERS
090120661,20659,20747,20796,20388

TO    CENTRAL BANK OF LIBYA
      TRIPOLI
      LIBYA

TESTED BETWEEN YOURSELVES AND OUR 168 FENCHURCH STREET OFFICE
TEST NO:   ~~12345678~~

UNDER OUR REF:        IETT   44531
PLEASE PAY:           USD 4,885,000.00(FOUR MILLION EIGHT HUNDRED
AND EIGHTY FIVE THOUSAND DOLLARS ONLY)

VALUE:               140890
BENEFICIARY:         GENERAL SECRETARIATE OF MARINE WEALTH
BENEFICIARY ACCOUNT: 30102400004

BENEFICIARY BANKERS:     LIBYAN ARAB FOREIGN BANK THATELMAD BUILDING
TRIPOLI

REMITTER:              JOHN PLUMER AND PARTNERS LTD
PAYMENT DETAILS:       SETTLEMENT M/V ALWAHDA ON BEHALF OF ISLAMIC
SOLIDARITY SHIPPING CO OF LIBYA

CHARGES:       OUR     ADVISE AND CREDIT
IN REIMBURSEMENT  WE CREDIT AMERICAN EXPRESS BANK NEW YORK

REGARDS

BARCLAYS BANK PLC
122 LEADENHALL ST
LONDON
EC3
NNNN


894031 BARING G
892181 DIAL G

```
 08/16/90   10:25:43      *** MESSAGE DETAIL ***   | USER INV     OP M
LINK SWF  LINE 1  SEQ   3250 BANK   1  DATE 08/10/90|TYPE T ST WRE /QUAL P:
LINK SEQ NUM 071770 OTHER SYS SEQ NUM BARCGB22A42182|CREATED FROM
TEST SEQ NUM                  TEST DATE            |<--- RELATED MESSAGES
TEST AMOUNT                   TEST CURR            |--->
TEST KEY                      TEST RESULT          |<-- *
TEXT : 1054 10BARCUS33BXXX71770
       1553 10BARCGB22AXXX42182
       262 02
       :20  TRANS REF NO   :IETT44531222
       :21  RELATED REF    :IETT44531222
       :32A VALUE          :9008i4USD4885000,00
       :52D ORDERING BANK  :BARCLAYS BANK PLC.
                            LEADENHALL ST.
       :57D A/C WITH BANK  :AMERICAN EXPRESS BANK NEW YORK
                            XXX
       :59D BEN BANK       :CENTRAL BANK OF LIBYA TRIPOLI
                            XXX
       :72  BNK TO BNK INFO:BNF IN COVER OF TELEX PAYMENT
                            DD 100890 .
       -AUT/284A
MORE TEXT  NO  SCROLL(F/B/H/E/X/N/>/(/S)  X           ACTION  ---------
```

# EXHIBIT B

## Main Parties/Entities



# EXHIBIT C

Barclays Secure Browser
File  Edit  Windows  Help  Go

```
Account Enquiry              Screen  1 Account No. 66838977   12AUG10  17

A/C Type      C     CFC Product  CC CAN   BCA (NON-PERSONAL)
Currency      USD      Client  BBARLOM   1 CHURCHILL PLACE        Tax Status  G
A/C Name      LIBYA BLOCKED FUNDS                  Short Name
Full Name     FROZEN ADVANCE LIBYAN BLOCKED FUNDS         Tax Exemption/Declaration
Notice        00   Interest Frequency  00000          ESD Tax Status

Dom Branch   200000 BARC.CHURCHILL PLACE  Ccy Branch 200000 BARC.CHURCHILL PLAC
CR Profiles: Branch Turn                 Type  F
Rates : Fixed     0              Min                 Max
Interest Disposal A/C   USD  66838977  LIBYA BLOCKED FUNDS
DR Profiles: Branch Turn                 Type  F
Rates : Fixed     0              Min                 Max
Interest Disposal A/C   USD  66838977  LIBYA BLOCKED FUNDS

Fiduciary Funds   N            Secured  N  CC Code        GSCA
Rate Basis   360

Analysis Codes
Statement Frequency  1  N0000   2          DP Sheet Frequency   N0000
FAC            DATA
```

12/08/2010

Barclays Secure Browser

File   Edit   Windows   Help   Go

ACCOUNT ENQUIRY                    Screen  2 Account No.  66838977   12AUG10  17

Currency USD    Client BBARLOM        A/C Name LIBYA BLOCKED FUNDS
Show Daily Int Rate Change      N     Show Rate At Foot of Statement       N
Rate Change Advice Required     B     Statement Media
Statement When Entry Applied    D     Stmt When Bal Breached N

                                                 Client Account Ref

Lien                                  Expiry Date
Overdraft Limit                       Expiry Date              Limit Ccy USD

Cheque Book Issued   N  Refer CR/DR   N   Cross Branch Entry Allowed  Y
Date Account Opened  05/01/95  Date   Account Last Amended

A/C Fee:Ind   4  Profile  ISO001      A/C  66838977   LIBYA BLOCKED FUNDS
Waive All Fees For Period ?  N        Text
Additional Charge        0.00
Account Inactive  Y   Inactive Date  06/01/97       EXT SIS Sort Code
Date Of Last Working  Entry 050195                  EXT SYS Ref No
FAC       DATA

12/08/2010

Barclays Secure Browser-[SOLD]

File Edit Windows Help Go

Customer Gateway «

Customer Gateway

Launch customer gateway

```
ACCOUNT ENQUIRY                    Screen  5  Account No. 66838977  1

Currency USD      Client  BBARLOM  1 CHURCHILL  PLACE            Short Name
Name     LIBYA    BLOCKED FUNDS                Tax Status  G     ESD Tax Sta
A/C Type C     CFC Product CC CAN BCA (NON-PERSONAL)
                 Available Funds       No. Limit Set
                 Cleared Guide  -4,885,000.00
       Cleared   For Int Balance -4,885,000.00
                 Ledger Balance -4,885,000.00
       Limit Ccy USD  O/D Limit                  Expiry Date
CR Accrued Int  0.00                   DR Accrued Int  0.00
Credit interest paid gross
Branch Turn Accrued : CR 0                      DR. -1,764.03
Total Spend 0                     Max Daily Limit USD 0
Last Statement  Date  24/06/10   Last Statement Balance  -4,885,000.

CR Customer Rate FIXED  0              DR Customer Rate FIXED  0


FAC              DATA
482  THIS IS THE LAST PAGE
```

# EXHIBIT D

 **Arthur J. Gallagher International**

Gallagher London

Ms. Beth Silver
Legal Division
Barclays Capital
5 The North Colonnade
London
E14 4BB

16 February 2011

Dear Ms. Silver

**John Plumer/ General Secretariat of Marine Wealth**

Further to my letter dated 13 January 2011, I write with reference to your letter dated 22 December 2010. Pease accept my apologies for the delayed response once again; my internal inquiries have taken sometime because of the historical nature of this matter.

Unfortunately, after much investigating, I have not been able to locate or access any records, files or documents relevant to the matter your letter raises. Therefore I am able to offer only limited assistance in response to your questions. The responses to your questions are given on the basis that I have been unable to locate any express information to the contrary:

1. We are unable to provide any records relating to your customer or in relation to any payments made following the wrecking of the M/V Alwahda in 1989.

2. We do not have any outstanding complaint or dispute either with the insured or generally relating to your customer in relation to an unpaid sum of $4.855m.

3. We confirm that we do not have any pending item or liability in our accounts relating to the insured or the above mentioned sum.

4. We have not located any evidence of there having been a historical dispute with the insured regarding an unpaid sum of $4.855m.

5. We can confirm that our file is closed on this matter in that we do not have any open or outstanding entries on our broker accounting system. It is our usual practice to consider a file closed once the time period in respect of which claims could be made under a particular policy has expired and there are no open claims on a particular policy year.

9 Alie Street, London, E1 8DE
Tel: +44 (0) 20 7204 6000   Fax: +44 (0) 20 7204 6001   www.ajginternational.com
Arthur J. Gallagher International and Gallagher London are trading names of Arthur J. Gallagher (UK) Limited
Registered in England No. 1193013   Authorised and regulated by the Financial Services Authority

 Arthur J. Gallagher International

Gallagher London

I am sorry that I cannot be of any more help, but I trust that the fact we have no open entries in relation to this insured is at least some use

Kind regards,

Yours sincerely

**ALISSA PFITZNER**
**Chief Counsel & Company Secretary**
For and on behalf of
**ARTHUR J. GALLAGHER (UK) LIMITED**

# EXHIBIT E

**Freeman, Beth : Legal**

| | |
|---|---|
| **From:** | Hogg, Ian I : Business Banking |
| **Sent:** | 15 September 2010 17:14 |
| **To:** | Lynn, George  : Barclays Corporate |
| **Cc:** | Nutt, Colin : Barclays Corporate; Hopper, John  : Barclays Corporate; Freeman, Beth : Legal |
| **Subject:** | RE: Commercial Payment USD 4.885.000 to General Secretariat of Marine Wealth |
| **Importance:** | High |

Hi George

A further message has been received.

{1:F01BARCGB22BXXX5997058752}{2:O1991316100915LAFBLYLTAXXX36309931591009151216N
}{3:{108:00837907}}{4:
:20:MR M TARHNI
:21:QMS100908-001434
:79:ATTN MR GEORGE LYNN, GLOBAL TRANSACTIONAL SALES,
FINANCIAL INSTITUTIONS.

.
LIBYAN ARAB FOREIGN BANK HAS BEEN ADVISED BY
BARCLAYS BANK THAT BARCLAYS MADE A USD4.885.000
PAYMENT FOR ITS THEN CUSTOMER, JOHN PLUMER AND
PARTNERS LIMITED (A.K.A. GALLAGHER PLUMER
LIMITED) TO THE GENERAL SECRETARIAT OF MARINE
WEALTH ON BEHALF OF ISLAMIC SOLIDARITY SHIPPING
COMPANY OF LIBYA IN RELATION TO THE MERCHANT
VESSEL ALWAHDA SHIPWRECKED ON 16/12/1989.
UNFORTUNATELY, DUE TO THE PASSAGE OF TIME SINCE
THIS PAYMENT WAS MADE, NEITHER BARCLAYS BANK NOR
LIBYAN ARAB FOREIGN BANK ARE ABLE TO PRODUCE
DOCUMENTARY RECORDS EVIDENCING THIS PAYMENT
HOWEVER, LIBYAN FOREIGN BANK IS ABLE TO CONFIRM
THAT AS OF THE DATE OF THIS SWIFT MESSAGE IT
DOES NOT HAVE AN OPEN ENQUIRY FROM THE GENERAL
SECRETARIAT OF MARINE WEALTH INDICATING THAT THE
SUM OF USD4.885.000 ARE OUTSTANDING FROM JOHN
PLUMER AND PARTNERS LIMITED OR ISLAMIC
SOLIDARITY SHIPPING COMPANY OF LIBYA.
WE CONFIRM THAT LIBYAN FOREIGN BANK CONSENTS TO
BARCLAYS PRODUCING THIS MESSAGE TO ANY
INTERESTED THIRD PARTY, AS NECESSARY, INCLUDING,
BUT NOT LIMITED TO, THE CENTRAL BANK OF LIBYA
AND STANDARD CHARTERED BANK NEW YORK IN ORDER TO
RESOLVE THIS ISSUE.
REGARDS
M.TARHOUNI
MANAGER BANKING OPR. DEPT

Kind Regards